Kimberly Sherman, OSB 174646
Education, Environmental, & Estate Law Group LLC
P.O. Box 728
Eugene, Oregon, 97440
Tel: (503) 910-6172
kim.sherman@e3lawgroup.com

Jennylee Wright, OSB 206845
Federal Court admission pending
Education, Environmental, & Estate Law Group LLC
P.O. Box 728
Eugene, Oregon, 97440
Tel: (925) 464-6491
jennylee@e3lawgroup.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **D.M.,** by and through his next friend C.M.,<br><br>  Plaintiff,<br><br>  v.<br><br>**OREGON SCHOLASTIC ACTIVITIES ASS'N**, an Oregon Corporation, by and through the **BOARD OF DIRECTORS OF OREGON SCHOLASTIC ACTIVITIES ASS'N**,<br><br>  Defendant. | Case no.: 6:22-cv-1228<br><br>**COMPLAINT**<br><br>**VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132)**<br><br>Expedited Hearing Requested<br><br>Jury Trial Demanded |

- 1 -   COMPLAINT

## I. THE PARTIES

1. Plaintiff, D.M., by and through his parent, C.M., files this complaint. D.M. is a resident of Eugene, Oregon. D.M is a person with disabilities as defined by Section 504 of the Rehabilitation Act and the Americans with Disabilities Act. D.M. is a minor.

2. Defendant OREGON SCHOLASTIC ACTIVITIES ASSOCIATION ("OSAA") is an Oregon non-profit public benefit corporation registered with the Oregon Secretary of State.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and claims in this complaint pursuant to 28 U.S.C. §1331. This action arises under the laws of the United States, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. Plaintiff is a person with a disability as defined by the ADA and § 504 of the Rehabilitation Act.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because the District of Oregon is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and in which the parties to this litigation reside. Defendant OSAA is headquartered in Wilsonville, Oregon and exerts control over organized school activities, such as football, over all member school districts. Eugene School District 4J is a member school district subject to the rules and authority of the OSAA related to certain school activities, including football. D.M. is a student in Eugene School District.

## III. GENERAL ALLEGATIONS

5. D.M. is a 17-year-old student within Eugene School District 4J, entering the 12th grade. He is diagnosed with Major Depressive Disorder; Post-Traumatic Stress Disorder; Persistent Complex Bereavement with emotional and behavioral dysregulation; Attention Deficit/Hyperactivity Disorder combined presentation – Severe; Attachment-Related Disorder:

disorganized reaction to caregivers and insecure interpersonal attachment; Parent-Child Relational Problem; and Academic or Educational Problems.

6. To help improve a set of debilitating impacts of his condition such as anxiety and behavioral challenges, D.M. participates in athletics. D.M. has participated in OSAA regulated sports since 2018 and through that participation has benefited greatly.

7. Eugene School District is a member of the Oregon School Activities Association, and as such is required to follow the OSAA's rules related to eligibility of students participating in sports or activities governed by the OSAA.

8. It is the policy of the OSAA that a student may participate in its interscholastic program for four consecutive years (eight semesters or the equivalent) after entering the 9th grade.[1] The rationale for this eligibility rule is to ensure that the student's educational performance reflects progress towards graduation, and to ensure fair competition between schools and between individual students.[2]

9. OSAA policy provides exceptions to the eight-semester eligibility rule and sets forth a procedure for a 5th year hardship appeal.[3] An exception may be granted by OSAA for students with disabilities who qualify for specially designed instruction through an Individualized Education Program ("IEP") under the Individuals with Disabilities Education Improvement Act ("IDEA") if such a student is meeting the requirements of their IEP and if the student will be unable to graduate within eight semesters primarily because of the disability.

10. After completing seventh grade and eighth grade in one year, D.M. entered 9th grade as a thirteen-year-old student in 2018 at Marist Catholic High School ("Marist") in Eugene, Oregon.

---

[1] OSAA Handbook
[2] OSAA Handbook at Rule 8.2 at 34
[3] OSAA Handbook at Rule 8.2.4 (b) at 54

- 3 -      COMPLAINT

11.     D.M.'s parent and the staff at Willamette Christian and Marist High School agreed to this arrangement to allow D.M. to attend the same school as an older brother, following a family tragedy that significantly affected D.M.'s mental health.

12.     D.M.'s older brother died by suicide when D.M. was in 6th grade. D.M.'s middle school, Willamette Christian School, agreed to combine his seventh grade and eighth grade years into one and allowed him to enroll the following school year as a ninth-grade student at Marist. This step was designed to allow D.M. to enroll in the same school as another brother so that he could seek comfort in the year following his other brother's death.

13.     D.M. completed two years at Marist, and then was placed by his parent at Triumph Youth Services, a residential treatment program in Utah, due to deteriorating mental health related to his diagnosed disabilities.

14.     D.M.'s placement at Triumph, the 2020-2021 school year, was his third year in high school. On enrollment, Triumph Youth Services/Triumph Academy enrolled D.M. as a 10th grade student, returning him to the grade of enrollment that matched his age and the ages of his classmates.

15.     D.M. transferred to the Eugene School District for the start of the 2021-2022 school year.

16.     D. M.'s placement at Triumph was a decision made by his parent, with the encouragement of D.M.'s health providers.  D.M. had no knowledge or choice in whether he attended Triumph for his sophomore year. D.M.'s parent enrolled him in this residential treatment center to help D.M. correct trauma-based, self-destructive behavior and learn to better cope with the debilitating impacts of his disabilities.

17.     After returning from his year at Triumph and enrolling in Eugene School District for the 2021-2022 school year, it was evident D.M. was performing academically below grade level. Eugene School District agreed to classify D.M. as an 11th grader for the 2021-2022 school year.

18.     Marist is a member of OSAA, therefore D.M.'s clock started running – for the purpose of the eight-semester eligibility rule – at the start of his 9th grade year at Marist. D.M participated in basketball during his 9th grade year and football and basketball during his 10th grade year. During the next school year at Triumph, D.M. participated in a limited capacity in Rugby and Labrador Retriever field trials, which are not OSAA sanctioned sports. D.M. participated in football in the Eugene School District for the 2021-2022 school year.

19.     The following table illustrates D.M.'s educational and OSAA eligibility timeline:

| School year | Grade | Age | School/State | Event/Activities/OSAA |
|---|---|---|---|---|
| 2016-2017 | 6th | 11 | Willamette Christian, OR | Brother died, Feb. 2017 |
| 2017-2018 | 7th & 8th | 12 | Willamette Christian, OR | |
| 2018-2019 | 9th | 13 | Marist Catholic, OR | Basketball, OSAA |
| 2019-2020 | 10th | 14 | Marist Catholic, OR | Football, Basketball, OSAA |
| 2020-2021 | 10th | 15 | Triumph Academy, UT | No OSAA or equivalent sanctioned sport |
| 2021-2022 | 11th | 16 | Eugene School Dist., OR | Football, OSAA |
| 2022-2023 | 12th | 17 | Eugene School Dist., OR | Requesting eligibility waiver for senior year |

20.     Both Willamette Christian and Marist are private schools that are not required to implement Section 504 of the Rehabilitation Act. However, both Willamette Christian and Marist recognized his mental health disability and his diagnosis of ADHD and created a Student Success Plan to accommodate those disabilities. D.M. entered Marist with the diagnoses of Attention Deficit Disorder, Post-Traumatic Stress Disorder, Persistent Complex Bereavement, Attachment-Related Disorder, and Parent-Child Relational Problem.

21. Triumph Youth Services created a Private Service Plan, which incorporated his disability accommodations into his education program.

22. Eugene School District implemented a Section 504 plan for D.M. in December of 2021, stating he is a student with identified disabilities that substantially limit his ability to self-regulate his emotions, perform attention-related tasks, and complete activities requiring strong skills in executive function.

23. D.M.'s Eugene high school submitted an Eligibility Waiver Request to OSAA on May 12, 2022. The OSAA Director denied the eligibility request on June 6, 2022, stating that the criteria for a 5th year hardship exception had not been met. Notably, the OSAA executive director commented that D.M. did not meet the definition of disability under the waiver exception rule, OSAA Rule 8.2.4. As a result, D.M. is not eligible to participate in high school football games against another school during the 2022-2023 school year.

24. OSAA ruled D.M. would only be permitted to practice with the football team, while D.M.'s teammates would be allowed to participate in both practices and games. D.M.'s teammates, therefore, have the opportunity to improve their overall performance at competitive games, and enjoy the social and emotional benefits of competitive sports.

25. The parent of D.M. appealed the Executive Director's denial to the OSAA Executive Board on June 23, 2022.  The appeal stated D.M. qualified for an eight-semester eligibility waiver because the ADA requires eligible agencies to make reasonable accommodations for persons with disabilities; the Federal District Court, District of Oregon has ruled that OSAA is subject to the requirements of the ADA; and granting a waiver of the eight-semester rule is a reasonable accommodation.

26.     Following an appeal hearing on July 28, 2022, the Executive Board concluded D.M. does not meet the OSAA criteria for a fifth-year eligibility waiver. The denial noted "[t]here are fundamental differences between a student with a 504 plan and a student with an IEP..." and therefore D.M., a student on a Section 504 plan for accommodations did not meet the criteria for OSAA eligibility exceptions under Rule 8.2.4(b). The appeal denial letter also stated that D.M.'s time at Triumph Academy in Utah was a "choice" and that allowing D.M. to participate in OSAA activities as a 5th year student would "be taking a spot from an otherwise eligible student."

27.     D.M. has appealed the Board's denial of eligibility waiver; an administrative hearing is scheduled on August 24th, 2022.

28.     OSAA's procedure to appeal the eight-semester eligibility rule requires that the student wait to appeal until the student has begun their last transcripted grading period prior to exhausting their eligibility.[4] The student must then wait for a response from the Executive Director of OSAA before they can file an appeal to the OSAA Board. If a student is again denied a waiver, the student then requests a hearing with an administrative law judge and then must wait for the hearings officer's decision before appealing to state or federal court. This lengthy appeal procedure appears designed to make it nearly impossible to complete the process in time to play a sport in the following school term.

29.     D.M. has experienced great distress and depression because of the tight timeline of the OSAA appeal process and his worry that he will not be able to complete the appeals processes in time to compete as a full member of the football team by the start of the 2022-2023 season.

---

[4] OSAA Handbook, Rule 9 at 53.

30. D.M.'s sense of self-worth is derived in large part from competition and from his membership on the football team. Sitting on the bench as a Senior during games will be demoralizing. The issue of D.M.'s eligibility to play football is weighing heavily on D.M. Already, his coach notices that when David is asked to sit out during a drill or scrimmage in training, he becomes "a different kid" and "deflated."

31. D.M.'s Eugene School District football coach worries that D.M. will go backwards in his progress without having a normal Senior year, which includes participating as a full member of the football team. An assistant football coach believes that D.M. "needs football more than football needs [D.M.]."

32. The death of D.M.'s brother affected him immeasurably and the support that the football program provides D.M. has been critical to his mental health, emotional, and academic progress.

33. Without the accommodation of a 5th year waiver allowing D.M the opportunity to play in football games and experience the supportive and social environment that are the hallmark of high school athletics, D.M. does not have the same level of access to OSAA activities as his teammates and is likely to suffer damage to his mental health.

## IV.  FIRST CLAIM FOR RELIEF
## VIOLATION OF TITLE II OF THE
## AMERICANS WITH DISABILITIES ACT
## (42 U.S.C. Section 12132 against OSAA)

34. Plaintiff incorporates and realleges the allegations set forth in all preceding paragraphs.

35. Oregon courts have ruled OSAA is a "state actor." [5]

36. Plaintiff was, at all times material, diagnosed with the disabilities of Major Depressive Disorder; Post-Traumatic Stress Disorder; Persistent Complex Bereavement with emotional and

---

[5] *See* Bingham v. Oregon School Activities Ass'n, 37 F. Supp. 2d 1189, 1192 (D. Or. 1999)

behavioral dysregulation; Attention Deficit/Hyperactivity Disorder combined presentation – Severe; Attachment-Related Disorder: disorganized reaction to caregivers and insecure interpersonal attachment; Parent-Child Relational Problem; and Academic or Educational Problems, which substantially limits him in the major life activities of caring for himself, learning, concentrating, communicating, and working.

37. On March 16, 2022, D.M. was additionally diagnosed with Anxiety Problem.

38. Plaintiff was otherwise qualified to receive services from Defendant as he attends a high school within the judication of OSAA.

39. Plaintiff suffered discrimination in violation of ADA, 42 U.S.C. § 12132 as a result of his disability due to the discrimination and failure to accommodate Plaintiff's full participation in football with respect to his conditions including Major Depressive Disorder; Post-Traumatic Stress Disorder; Persistent Complex Bereavement; Attention Deficit/Hyperactivity Disorder; Attachment-Related Disorder; Parent-Child Relational Problem; and Academic or Educational Problems.

40. Waiving the eight-semester rule is not a burdensome or unreasonable accommodation, because OSAA's rules already permit waiver of the eight-consecutive term rule for students receiving disability-related services under the IDEA.

41. Without this reasonable accommodation, D.M. is not able to meaningfully access OSAA activities.

42. As a direct and proximate result of the foregoing discrimination, Plaintiff suffered damages including embarrassment, emotional distress, and discrimination damages. D.M.'s mother was required to engage an attorney to pursue D.M.'s disability-related rights. However, Plaintiff seeks only injunctive relief and reasonable attorney fees and costs.

## V. JURY DEMAND

43. Plaintiff demands a trial by jury on all issues for which a jury trial is afforded by right.

## VI. PRAYER FOR RELIEF

Plaintiff prays that the Court award damages and provides the relief as follows:

1. Grant a temporary restraining order, preliminary injunction and permanent injunction prohibiting OSAA from applying the eight-semester rule to deny Plaintiff a reasonable accommodation for Plaintiff's disability.

2. Require OSAA to amend its rules to include the definition of disability under the ADA as an acceptable reason to grant a student a fifth-year hardship waiver without limiting the definition of disability to restrict access to the waiver only to students who are eligible for an IEP under the IDEA.

3. Require OSAA to amend its rules to permit the filing of a request for a 5th year eligibility waiver at any time in the school year prior to losing eligibility.

4. Grant recovery of reasonable attorney's fees and costs pursuant to statute; and

5. Grant any remedies that this Court deems equitable and appropriate.

Respectfully submitted, this 19th day of August, 2022

Kimberly Sherman, OSB 174646

Education, Environmental, & Estate Law Group
P.O. Box 728
Eugene, Oregon, 97440
Tel: (503) 910-6172
kim.sherman@e3lawgroup.com

Jennylee Wright, OSB 206845
Federal Court admission pending
Education, Environmental, & Estate Law Group
P.O. Box 728
Eugene, Oregon, 97440
Tel: (925) 464-6491
jennylee@e3lawgroup.com

Attorneys for Plaintiffs