IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

D.M., by and through his next
friend C.M.,

       Plaintiff,

   v.

OREGON SCHOOL ACTIVITIES
ASSOCIATION,

       Defendant.

Civ. No. 6:22-cv-01228-MC

OPINION AND ORDER[1]

**MCSHANE, Judge**:

    Plaintiff D.M., a 17-year-old senior in high school, alleges Defendant Oregon School Activities Association ("OSAA") violated the Americans with Disabilities Act ("ADA") when it denied him a fifth-year exemption to play sports for his final year of high school. Compl. ¶¶ 5, 34–42, ECF No. 1. The Court denied Plaintiff's Motion for Emergency Temporary Restraining Order, finding Plaintiff did not show a likelihood of success on the merits. Op. & Order, ECF No. 12. Plaintiff now moves for a preliminary injunction, which the Court denies for the same reason.

---

[1] This Opinion & Order is supplemented by the Court's Opinion & Order denying Plaintiff's Motion for Emergency Temporary Restraining Order, ECF No. 12.

1 – OPINION AND ORDER

## BACKGROUND[2]

The present dispute arises from Plaintiff's request to compete in school sports for his fifth and final year of high school. Defendant has a policy that limits students to participating in sports for four consecutive years (eight semesters) after entering ninth grade (hereinafter "the eight-semester rule"). Compl. ¶ 8. An exception to the eight-semester rule exists by way of a fifth-year hardship appeal. *Id.* ¶ 9; OSAA Handbook 34–35, Rule 8.2.4. A student may qualify for the exception if an Individualized Education Program ("IEP") Team determines that the student has a disability and was meeting the requirements of his IEP but was unable to graduate within eight semesters primarily because of his disability. OSAA Handbook 35, Rule 8.2.4(b)(1). For purposes of this rule, "disability" is defined by the Individuals with Disabilities Education Act ("IDEA"), which provides that a "child with a disability" has one or more of an enumerated list of impairments requiring "special education or related services." *Id.*; 20 U.S.C. § 1401(3)(A).

Plaintiff completed the ninth and tenth grades at Marist Catholic High School. Compl. ¶ 19. Plaintiff's parent enrolled him at Triumph Academy, a residential treatment program, where he repeated the tenth grade. *Id.* ¶ 13, 19. For his eleventh-grade year, and fourth year of high school, Plaintiff enrolled in the Eugene School District. *Id.* ¶ 19. Plaintiff is now entering the twelfth grade and his fifth year of high school in the Eugene School District, seeking an additional year of eligibility to compete in school sports. *Id.* Plaintiff's high school submitted a fifth-year eligibility waiver request to Defendant in May of 2022, which Defendant denied the following month because Plaintiff did not meet the waiver requirements under Rule 8.2.4. *Id.* ¶ 23; Sherman Decl. Ex. 1, at 84, ECF No. 14. In denying Plaintiff's request, Defendant noted that Plaintiff did not qualify for specially designed instruction under an IEP, his year spent at

---

[2] The Court provides only a summary of the relevant facts here. For a more detailed recounting, see the Court's Opinion & Order denying Plaintiff's Motion for Emergency Temporary Restraining Order, ECF No. 12.

Triumph Academy was a "choice," and allowing Plaintiff "to participate in contests as a fifth-year student would be taking a roster spot from an otherwise eligible student." Sherman Decl. Ex. 3, at 1–2.

## STANDARD

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish such harm is likely. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The Court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

## DISCUSSION

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To succeed on his Title II claim, a plaintiff must show (1) he is a qualified individual with a disability, (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). To meet Title II's "by reason of" requirement, a plaintiff must establish a causal connection between his disability and his exclusion from a public entity's program. *See Washington v. Ind. High Sch. Athletic Ass'n*, 181 F.3d 840, 848–49 (7th Cir. 1999);

3 – OPINION AND ORDER

*Starego v. N.J. State Interscholastic Athletic Ass'n*, 970 F. Supp. 2d 303, 314 (D.N.J. 2013). Accordingly, Plaintiff here must show that but-for his PTSD and ADHD, he would be eligible to participate in school sports. *See id.* Plaintiff claims that his disabilities caused him to leave school and attend Triumph, missing a year of participation in OSAA-regulated sports and resulting in his ineligibility. Mot. Prelim. Inj. 17–18, ECF No. 15. He asserts that his "particular circumstances required an accommodation to access OSAA's program." *Id.* at 15.

Assuming without deciding that Plaintiff's ADHD and PTSD qualify him as disabled under the ADA, Plaintiff has not demonstrated that his disabilities caused his ineligibility. The record instead reflects that Plaintiff's parent chose to enroll Plaintiff at Triumph Academy to address substantial behavioral, emotional, and mental health concerns. Plaintiff acknowledges that his parent "made th[e] smart decision to send [Plaintiff] to Triumph Youth Services because [he] had really severe trauma and [he] was also breaking the law. If [his] mom hadn't made that decision [he] probably would be in jail or worse." Sherman Decl. Ex. 1, at 7. Plaintiff's therapist confirmed that Plaintiff "was sent to Triumph due to anti-social behaviors." *Id.* at 23. After a few months at Triumph, a Treatment Plan Review noted that Plaintiff demonstrated "the propensity for threatening and intimidation of others, initiating fights and breaking into the property of others to steal. [Plaintiff's] size and strength give him the potential to harm others. [Plaintiff] continues to be in the contemplative stage of change for all of his addictive behaviors." *Id.* at 42.

The record further reveals that Plaintiff's disabilities were addressed by each of his schools before, during, and after his time at Triumph through a 504 plan (or its equivalent). *Id.* at 26–27, 37–40. These accommodations included allowing fewer assignments with additional time for completion, modeling approaches to organizing information, and permitting breaks for emotional regulation. *Id.* at 26–27. An evaluation team at Plaintiff's school determined that an

IDEA evaluation for special education eligibility and an IEP was unnecessary as "existing data [sufficiently] rule[d] out a suspicion of any educational disability that may require special education at this time." *Id.* at 121. The team agreed that Plaintiff's stress and anxiety "could be effectively addressed via general education supports that have been, and remain, available" to Plaintiff. *Id.* The team further noted that Plaintiff "never exhibited concerning behavior . . . in the academic setting." *Id.*

The Court is sympathetic to the tragedy and trauma Plaintiff has suffered in his young life. But Plaintiff's history of being provided accommodations at school, as well as the evaluation team's statements that his disabilities are adequately addressed by his 504 plan and other educational supports without need for an IEP, show that Plaintiff was not unable to meet the eight-semester rule due to his disabilities. Rather, based on an apparent combination of behavioral and emotional concerns, Plaintiff's parent chose to enroll Plaintiff at a school that she believed could more adequately meet Plaintiff's needs. Though Plaintiff refers to Triumph as a mental health residential treatment program, he received full academic credit and played on a rugby team during his year there. Sherman Decl. Ex. 1, at 4, 84. Under these circumstances, the ADA does not obligate Defendant to waive its eight-semester rule, providing Plaintiff an extra year of eligibility and taking a roster spot from another student, to accommodate Plaintiff's attendance at Triumph.

Plaintiff urges the Court to follow the rationale in *Washington*, where the Seventh Circuit upheld a student's ADA claim after the school district failed to waive its eight-semester rule for the learning-disabled plaintiff. 181 F.3d 840. The court found that the plaintiff's learning disability caused him to fail at school and drop out, and that he would have otherwise been eligible to play school sports. *Id.* at 849. The situation here is distinct. A team of evaluators

5 – OPINION AND ORDER

determined that Plaintiff does not have a learning disability that warrants an IEP, and Plaintiff did not drop out of school because of his disabilities. Rather, his parent chose to enroll him at Triumph where he received a year of high school credit. As explained above, the Court here cannot conclude that Plaintiff's disabilities caused his ineligibility.

Plaintiff relies on *McGary v. City of Portland*, 386 F.3d 1259 (9th Cir. 2004), for the notion that discrimination can occur where a facially neutral policy burdens a disabled person in a manner different from or greater than it burdens non-disabled people. The plaintiff in *McGary* was unable to timely comply with the city's mandate to clean his yard while he was in the hospital due to his disability. *Id.* at 1260–61. When the city refused to grant the plaintiff additional time to comply, the Ninth Circuit found the plaintiff sufficiently alleged discrimination "by reason of" his disability. *Id.* Here, Defendant's eight-semester rule does not burden Plaintiff differently or greater than non-disabled students because, again, Plaintiff was not unable to meet the eight-semester rule due to his disabilities.

Additionally, waiver of the eight-semester rule is not a reasonable accommodation in this case. "[F]ailure to provide [a] reasonable accommodation can constitute discrimination." *Updike v. Multnomah Cnty.*, 870 F.3d 939, 951 (9th Cir. 2017) (quoting *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002)). Plaintiff must demonstrate "the existence of a reasonable accommodation" that would enable him to participate in the activity at issue. *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008) (quoting *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1046 (9th Cir. 1999)). The burden then shifts to Defendant to show that the modification would require a fundamental alteration to the nature of the program or pose an undue hardship on the entity. *Id.* (citing 28 C.F.R. § 35.150(a)(3)). The reasonableness determination is a fact-specific, case-by-case inquiry based on the disabled individual's

circumstances and the accommodations sought. *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 818 (9th Cir. 1999).

Multiple circuit courts have concluded that waiver of the eight-semester rule and age restriction rule constitutes a fundamental alteration of a high school sports program. *See McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 461–62 (6th Cir. 1997); *Sandison v. Mich. High Sch. Athletic Ass'n*, 64 F.3d 1026, 1034–35 (6th Cir. 1995); *Pottgen v. Mo. State High Sch. Activities Ass'n*, 40 F.3d 926, 929–31 (8th Cir. 1994). Here, a fundamental purpose of Defendant's eight-semester rule is to encourage continuous and sustained academic progress of students and to encourage graduation following the completion of eight semesters of high school. OSAA Handbook 34. Despite obtaining support for his disabilities throughout his schooling, and failing to demonstrate that his disabilities caused his ineligibility, Plaintiff now seeks further accommodation in the form of a waiver of the eight-semester rule. Considering the facts of this case and the above purpose behind the rule, Plaintiff's requested accommodation is not reasonable.

Because it appears that no discrimination on the basis of disability occurred, and because Plaintiff's requested accommodation is unreasonable, Plaintiff failed to meet his burden in showing a likelihood of success on the merits of his ADA claim. Accordingly, Plaintiff's Motion for Preliminary Injunction, ECF No. 15, is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of November, 2022.

                                                  /s/ Michael McShane
                                                  **Michael J. McShane**
                                              **United States District Judge**

7 – OPINION AND ORDER