UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

D.M.,

        Plaintiff,

    v.

OREGON SCHOOL ACTIVITIES ASS'N,
an Oregon Corporation, by and through the
BOARD OF DIRECTORS OF OREGON
SCHOOL ACTIVITIES ASS'N,

        Defendant.

Case No. 6:22-cv-01228-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Plaintiff D.M. brings claims against Defendant Oregon School Activities Association, alleging that Defendant violated the Americans with Disabilities Act ("ADA") and Oregon state law when it denied Plaintiff a fifth-year hardship waiver to play football during his final year of high school pursuant to its "Eight Semester Rule." Before the Court is Defendant's renewed motion for summary judgment on the issue of deliberate indifference. For the reasons below, Defendant's renewed motion for summary judgment is denied.

**PROCEDURAL BACKGROUND[1]**

On October 30, 2023, Defendant moved for summary judgment. ECF No. 59. In its motion, Defendant argued that it was entitled to summary judgment on Plaintiff's federal claims because Plaintiff could not prove causation under ADA and could not establish that Plaintiff's requested accommodation—waiver of the Eight Semester Rule—was reasonable. Defendant argued that it was entitled to summary judgment on Plaintiff's state law claims for the same reasons and also because the cited statutes did not apply. Finally, Defendant argued that Plaintiff could not prove that Defendant was deliberately indifferent as required to obtain compensatory damages under the ADA. On April 18, 2024, the Court granted Defendant's Motion for Summary Judgment on the ADA and state law claims based on Defendant's causation and reasonableness of accommodation arguments, entering judgment in Defendant's favor. ECF Nos. 88-89. The Court did not address Defendant's statutory arguments relating to the state law claims and did not address deliberate indifference. Plaintiff filed a notice of appeal to the Ninth Circuit on May 14, 2024. ECF No. 90.

On August 19, 2025, the Ninth Circuit entered a memorandum disposition reversing and remanding the case to the district court. ECF No. 92. The Ninth Circuit concluded that genuine issues of fact remain as to whether Plaintiff's requested modification was reasonable, and whether Plaintiff's disabilities were the cause of his ineligibility to play football. *Id.* at 2-4. The Ninth Circuit did not address the state law statutory arguments and explicitly noted that the issue of deliberate indifference should be left to the district court. *Id.* at 5 n. 2.  In dissent, Judge

---

[1] The facts of this case are set forth in the prior opinion on Defendant's Motion for Summary Judgment, ECF No. 88, and are not repeated here. While the Ninth Circuit reversed the Court's decision, that reversal does not appear to be based on the Court's recitation of the facts, but rather its legal analysis.

VanDyke noted that he would have affirmed the Court's decision on the alternative ground of no showing of deliberate indifference. *Id*. at 6.

On September 10, 2025, the Ninth Circuit entered its mandate. ECF No. 94. Following reassignment from Judge McShane, this Court scheduled a telephonic status conference to address next steps in the case on remand. ECF Nos. 93-96. At the October 28, 2025, status conference, ECF No. 97, the Court inquired as to whether any further action was needed besides setting a trial date and associated pretrial conference date. The parties indicated that they had conferred, and that Defendant wished to renew its motion for summary judgment on the issue of deliberate indifference. The Court allowed Defendant's renewed motion, allowing consideration of the narrow issue of deliberate indifference only.

On January 21, 2026, after reviewing the briefs, the Court determined that supplemental briefing would aid its evaluation of the deliberate indifference issue. The order for supplemental briefing was limited: "[t]he subject of the briefing is strictly limited to the issue of deliberate indifference and Defendant's argument that Plaintiff's inability to prove deliberate indifference disposes of Plaintiff's claims, including his state law claims." ECF No. 99.

## STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

**DISCUSSION**

## I.    Deliberate Indifference

"To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (footnote and citation omitted). Courts apply a "deliberate indifference" standard for intentional discrimination under Title II, which requires "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." *Id.* at 1139 (citing *City of Canton v. Harris,* 489 U.S. 378, 389 (1988)). The deliberate indifference inquiry is often "nuanced and fact-intensive—precisely the province of the jury." *Button v. Bd. of Regents of Univ. & Cmty. Coll. Sys. of Nevada*, 289 F. App'x 964, 968 (9th Cir. 2008).

Here, Plaintiff has provided sufficient evidence from which a jury could conclude that Defendant was deliberately indifferent. On the issue of Defendant's notice of Plaintiff's disability, Plaintiff notified Defendant of his need for accommodation and supported the application with various materials, including a psychological assessment; a copy of his Section

504 Evaluation Report and Accommodation Plan; and statements from Plaintiff, his mother, and his therapist. Brague Decl. Ex. 6. ECF No. 78.

There is also evidence from which a jury could find that Defendant was on notice that denial of the requested accommodation—waiver of the Eight Semester Rule—was substantially likely to cause harm to a federally protected right. Plaintiff repeatedly emphasized that Defendant's reliance on whether a student has an Individualized Education Program under the Individuals with Disabilities Act ("IDEA") for purposes of deciding eligibility for a waiver of the Eight Semester Rule was not consistent with Defendant's obligations under the ADA. *See*, *e.g.*, Brague Decl. Ex. 14 at 49-50; Brague Decl. Ex. 28; Sherman Decl. at 123-36, ECF No. 14. The fact that the Eight Semester Rule was longstanding and approved of by a court in 1999, *see Bingham v. Oregon Sch. Activities Ass'n*, 60 F. Supp. 2d 1062, 1062 (D. Or. 1999), does not defeat Plaintiff's claim as a matter of law. As Plaintiff points out, the law has evolved since 1999, including case law explaining that "refusal to consider [the plaintiff's] personal circumstances in deciding whether to accommodate his disability runs counter to the clear language and purpose of the ADA." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 688 (2001); *see also Duvall*, 260 F.3d at 1139 (a public entity receiving a request for accommodation "is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation"). As of the time Defendant made its decision, case law had also highlighted fundamental differences between the IDEA and the ADA, *see, e.g.*, *McIntyre v. Eugene Sch. Dist. 4J*, 976 F.3d 902, 911 (9th Cir. 2020), from which a jury could conclude that Defendant was on notice that continued reliance on the IDEA in an ADA context would be substantially likely to harm Plaintiff's rights.

A genuine issue of fact also exists as to Defendant's alleged failure to act upon a likelihood of harm to Plaintiff's rights, as required to prove deliberate indifference. While Defendant places much emphasis on the ample process afforded to Plaintiff, the mere fact that Plaintiff had multiple opportunities to present his arguments to Defendant does not preclude a jury from determining that Defendant failed to act. A jury could conclude that, despite being notified of the legal deficiencies of the Eight Semester Rule and its waiver criteria, Defendant's strict reliance on those criteria constituted a failure to conduct an individualized investigation or determination of Plaintiff's eligibility for his requested accommodation. Defendant's motion for summary judgment on the issue of deliberate indifference is denied.

## II.    State Law Claims

Defendant also presents argument in its supplemental brief that (1) Plaintiff's state law claim under ORS 659A.142(4) requires a showing of intentional discrimination; and (2) that Plaintiff's state law claims fail as a matter of law because Plaintiff was not a "customer or patron" of Defendant under ORS 659A.142(4), and Defendant is not subject to ORS 659.800 because it is not financed by money appropriated by the Oregon legislature.

On the first issue, the Court requested briefing on the impacts of Defendant's deliberate indifference argument on Plaintiff's state law claims due to a footnote in Judge VanDyke's dissent. However, as Plaintiff's supplemental brief points out, Defendant did not move for summary judgment on Plaintiff's state law claims based on deliberate indifference. Defendant cannot renew a motion for summary judgment it never made, and the Court's general inquiry about impacts on state law claims will not revive consideration now.

On the issue of Defendant's statutory arguments that Plaintiff's state law claims fail, those arguments are likewise not properly before the Court. The Court expressly limited the renewed summary judgment motion to the issue of deliberate indifference.

Page 6 — OPINION AND ORDER

**CONCLUSION**

For the reasons discussed above, Defendants' renewed Motion for Summary Judgment

(ECF No. 59) on the issue of deliberate indifference is DENIED.

DATED this <u>19th</u> day of March 2026.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (he/him)
United States District Judge